15-1100
Zhu v. Lynch

BIA
Christensen, IJ
A201 127 158

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand sixteen.

PRESENT:
>       ROBERT A. KATZMANN,
>               *Chief Judge,*
>       SUSAN L. CARNEY,
>       CHRISTOPHER F. DRONEY,
>               *Circuit Judges.*

_____

CHUNWU ZHU,
>       *Petitioner,*

>       v.                                          15-1100
>                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Chunwu Zu, pro se, Elmhurst, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Anthony
                         P. Nicastro, Acting Assistant
                         Director; Drew C. Brinkman, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chunwu Zhu, a native and citizen of the People's Republic of China, seeks review of a March 19, 2015 decision of the BIA affirming an April 11, 2013 decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chunwu Zhu,* No. A201 127 158 (B.I.A. Mar. 19, 2015), *aff'g* No. A201 127 158 (Immig. Ct. N.Y. City Apr. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Zhu's, which are governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on

the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements when compared with other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165, 167. Here, the agency's adverse credibility determination is based on substantial evidence.

The IJ reasonably relied on Zhu's admission that he lied to a United States Bureau of Consular Affairs officer in the Dominican Republic to obtain a transit visa. Zhu testified that he lied when he told the officer that he had lived in the Dominican Republic for six years, owned a nail salon, and wanted a transit visa so he could pass through the United States to China. He stated that he told these lies to increase his chances of receiving a visa. We have held that in certain circumstances "a single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Here, Zhu's admission of dishonesty cast doubt on his entire claim because it showed that his primary

3

concern was obtaining a visa, not escaping persecution. The IJ was not required to credit Zhu's explanation—that his smuggler told him to lie so he could obtain a visa, travel to the United States, and work to repay the smuggler—because that explanation showed only his willingness to lie under oath to obtain immigration benefits. *Id.; Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Zhu's admission that he lied is sufficient to support the IJ's adverse credibility determination because the story he told the consular official was wholly inconsistent with his claim for asylum. *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006). Nonetheless, the determination is supported by an additional inconsistency. Zhu variously said that he lived in the Dominican Republic for more than one year, three years, and six years. As the IJ noted, Zhu testified that he was detained and beaten in China in 2007, only two years prior to his 2009 consular interview. Moreover, Zhu did not submit the passport he used when he left China. Therefore, the IJ had no way of verifying that Zhu was in China when he claimed to be detained and beaten by family planning officials. The IJ was entitled

4

to rely on these inconsistencies, which cast doubt on the entirety of Zhu's claim. *Xiu Xia Lin*, 534 F.3d at 166-67.

Finally, the IJ took issue with Zhu's demeanor during cross examination, noting that Zhu refused to provide yes or no answers to leading questions about his consular interview in the Dominican Republic. We generally afford particular deference to an IJ's assessment of an applicant's demeanor, and do so here. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

Considering the totality of the circumstances—Zhu's admission that he lied in an attempt to obtain a visa, his inconsistent testimony about how long he lived in the Dominican Republic, and his demeanor—we conclude that the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67; *Siewe*, 480 F.3d at 170. The adverse credibility determination is dispositive of Zhu's claims for asylum, withholding of removal, and CAT relief, which were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk